UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA C., | NO. CV 19-5827-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| ANDREW SAUL, Commissioner of Social Security Administration, | **AND ORDER OF REMAND** |
| Defendant. | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on July 7, 2019, seeking review of the Commissioner's denial of benefits.  The parties consented to proceed before a United States Magistrate Judge on November 6, 2019. Plaintiff filed a motion for summary judgment on April 1, 2020 and a

1 Reply on May 8, 2020.  Defendant filed a motion for summary judgment
2 on May 1, 2020.  The Court has taken the motions under submission
3 without oral argument.  See L.R. 7-15; "Order," filed July 15, 2019.

**BACKGROUND**

Plaintiff asserts disability based primarily on alleged impairments of her lower extremities, including neuropathy, plantar masses/fibromas and hallux valgus (Administrative Record ("A.R.") 42-470, 496-641).  Dr. Phillip Delio, a neurologist who has treated Plaintiff for many years, opined in 2016 that Plaintiff's impairments profoundly limit her functional capacity (A.R. 447).  For example, Dr. Delio opined that Plaintiff cannot stand and walk for more than 20 minutes, carry more than 10 pounds or sit for a long time without elevating her lower extremities.  Id.

The Administrative Law Judge ("ALJ") found that, despite severe impairments (including neuropathy, plantar masses/fibromas and hallux valgus), Plaintiff retains the residual functional capacity to perform medium work and therefore is not disabled (A.R. 482-90).  The ALJ accorded Dr. Delio's contrary opinions "little weight" "[b]ecause Dr. Delio's opinion is inconsistent with his own examination findings" (A.R. 488).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's

2

findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

Generally, a treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is

that of a treating physician") (citation omitted); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the opinions of treating and examining physicians). Even where the treating physician's opinions are contradicted, as here, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

An ALJ properly may discount a treating physician's opinion that is inconsistent with the physician's own examination findings. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). In the present case, however, substantial evidence fails to support the ALJ's conclusion that Dr. Delio's opinions are inconsistent with the doctor's own examination findings.

Some inconsistencies between a doctor's opinion and examination findings are readily apparent and do not require any medical knowledge to discern or verify. As an obvious example, if a doctor opined that a patient could not walk more than 20 minutes, but the doctor's own examination findings reported that the patient had walked without discomfort for 40 minutes during a treadmill test, then a lay person properly could discern an inconsistency. Cf. id.

4

Other inconsistencies between a doctor's opinion and examination findings are not readily apparent and will require medical knowledge to discern or verify. A reading of Dr. Delio's years of examination findings persuades this Court that any alleged inconsistencies between these findings and Dr. Delio's opinions regarding Plaintiff's functional capacity are not readily apparent. If a patient afflicted with severe neuropathy and severe plantar masses/fibromas and hallux valgus sometimes exhibits a normal gait and only slightly decreased perception of pinprick sensation on examination, would that patient necessarily be capable of walking more than 20 minutes, carrying more than 10 pounds or sitting for long periods of time without elevating her feet? To answer this question competently (and to answer competently other, similar questions inherent in the ALJ's evaluation of Dr. Delio's opinions) one would need the benefit of medical knowledge regarding the kinds of impairments afflicting Plaintiff. How do these impairments typically manifest themselves in symptomatology, and what do those manifestations (or lack thereof) necessarily indicate with regard to functional capacity? On the present record, this Court is not competent to say.

Neither was the ALJ. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ who is "not qualified as a medical expert" cannot make "his [or her] own exploration and assessment as to [the] claimant's physical condition"); see also Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion") (internal quotation marks and citation omitted); Rohan v. Chater, 98 F.3d 966, 970-71 (7th Cir. 1996) (ALJ may not rely on his or her own lay opinion regarding

medical matters); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1995) (same). At a minimum, the ALJ should have consulted a medical expert. See id.; Smith v. Astrue, 2009 WL 1322864, at *4 (E.D. Ky. May 12, 2009) (where no physician had reviewed the complete records of the treating physician, the ALJ erred by rejecting the treating physician's opinion without having sought the advice of a medical advisor);[1] see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered. This duty exists even when the claimant is represented by counsel.").

The Court is unable to conclude that the ALJ's error in evaluating Dr. Delio's opinions was harmless. See Treichler v. Commissioner, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

---

[1] The consultative examining orthopedist and the state agency review physicians on whom the ALJ relied in the present case did not review the treatment records of Dr. Delio. All of Dr. Delio's treatment records postdated the work of the consultative examining orthopedist and the state agency review physicians.

Although the Court is mindful of the age of this case, as well as the existence of a prior remand, the Court believes that another remand is the appropriate remedy under the circumstances presented. See McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) (reversal with a directive for the immediate calculation of benefits is a "rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d at 1020 (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). As discussed above, there remain significant unanswered questions in the present record.

///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 14, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.

8